UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnny Ray Adams, 16629-056; <br><br> Petitioner; <br><br> vs. <br><br> Warden M. Pettiford, Bennettsville Federal Correctional Institution (FCI-Bennettsville); <br><br> Respondent. | C/A 8:06-CV-0996-TLW-BHH <br><br><br><br> **Report and Recommendation** |

The Petitioner, Johnny Ray Adams (hereafter the "Petitioner"), a federal prisoner proceeding *pro se*, has filed this action as a request for *habeas corpus* relief under Title 28 United States Code section 2241. Specifically, Petitioner claims that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241(b)(3). The matter was referred to the undersigned pursuant to the provisions of 28 U.S.C.§ 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C.

## **BACKGROUND**

Petitioner is confined at the Bennettsvillle Federal Correctional Institution (FCI-Bennettsville), in Bennettsvillle, South Carolina. Petitioner is serving a sentence of 240 months imprisonment upon a guilty plea to violation of 21 U.S.C. § 846 (Conspiracy to Possess With Intention to Distribute Crack Cocaine). *See United States v. Adams*, 5:960cr-00132-F (E.D. N. C. 1996). Adams has filed two unsuccessful § 2255 motions in the trial court. *See U.S. v. Adams*, 5:03-00700 (E.D.N.C. 2003); *U.S. v. Adams*, 5:01-00673 (E.D.N.C. 2001), *aff'd* 33 Fed. Appx. 105 (2002). Petitioner alleges that he was sentenced pursuant to the United States Sentencing Guidelines (USSG) § 4B1.1 as a

1

Career Offender. He claims that he is "actually innocent" with regard to Career Offender status because one of the predicate offenses was in fact a misdemeanor and not a qualifying felony.

### *PRO SE* PETITION

Since Petitioner is a *pro se* petitioner, his Petition is to be accorded liberal construction, and is held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam); *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal.

A careful review has been made of Petitioner' petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

### **RELIANCE ON § 2241 IS MISPLACED**

Petitioner argues that because he is "actually innocent" as a Career Offender a § 2255 petition would be inadequate and ineffective to test of legality of his incarceration. Therefore, he believes he is entitled to file a § 2241 petition. Petitioner invokes the so-called § 2255 "savings clause" which permits resort to § 2241 (or other remedy) if the procedure under § 2255 is "inadequate or ineffective to test the legality of his detention."

The operation of the "savings clause" has been discussed by several Circuit Courts of Appeal. *See Triestman v. United States*, 124 F. 3d 361 (2nd Cir. 1997); *In re Dorsainvail*, 119 F. 3d 245 (3rd Cir. 1997) and *United States v. Lorentsen*, 106 F. 3d 278 (9th Cir. 1997). These various petitioners invoked the "savings clause" either on the ground that "new constitutional law" required certification by the Court of Appeals (*Dorsainvail* and *Lorentsen*) or that *habeas corpus* relief was required on the basis of "actual innocence" (*Triestman*). Petitioner invokes *U.S. v. Maybeck*, 23 F. 3d 888 (4th Cir. 1994), for the proposition that his "actual innocence" as a Career Offender meets the test of these authorities. *Maybeck*, however, allows a limited extension of the "actual innocence" doctrine to cases in which a "procedural default" may have occurred under 28 U.S.C. § 2244(b).

In the present case, Petitioner filed a successive § 2255 motion collaterally attacking his conviction on the same basis advanced in this case. *See U.S. v. Adams*, 5:03-00700 (E.D.N.C. 2003). For reasons that are not clear, Petitioner evidently withdrew that motion in his sentencing court in order to file the present § 2241 petition. In fact, the arguments he now makes present an issue which could and should be placed before his sentencing court as a § 2255 motion.

Since the passage of § 2255, resort to § 2241 has been allowed only in limited situations such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-170 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d

126, 129-130 (7th Cir. 1991). Petitioner does not offer any such arguments for the relief which he seeks. He has demonstrated no reason for this Court to entertain the present petition under 28 U.S.C. § 2241. Instead, he should apply for pre-filing authorization (PFA) from the United States Court of Appeals for the Fourth Circuit to proceed with this successive § 2255 in the sentencing court.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the Petition herein be dismissed without prejudice and without issuance of service of process. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have a duty to screen *habeas corpus* petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). The Petitioner's attention is directed to the notice on the next page.

Respectfully Submitted,

S/Bruce H. Hendricks
United States Magistrate Judge

April 3, 2006
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
